IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Primo Water Corporation, : | |
| Plaintiff, : | |
| : | Civ. No. 1:10-cv-931 |
| v. : | |
| Zephyr Fluid Solutions, LLC, : | |
| Defendant. : | |
| : | **JURY TRIAL DEMANDED** |

**PLAINTIFF PRIMO WATER CORPORATION'S
PROPOSED CLAIM CONSTRUCTIONS**

Pursuant to this Court's Case Management Plan, Plaintiff Primo Water Corporation ("Primo Water") hereby submits its proposed claim constructions for United States Patent Nos. Des. 542,495 (the "'495 Patent") and United States Patent Nos. Des. 565,268 (the "'268 Patent").[1]

**INTRODUCTION**

The '495 and '268 Patents are design patents. *See* Exs. A & C. As the Federal Circuit has recently recognized, for design patents "'as a rule, the illustration in the drawing views is its own best description.'" *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citations omitted). The intrinsic and extrinsic evidence supports construing the '495 and '268 Patents as a depiction of their drawings. A verbal elaboration of the drawings of the '495 and '268 Patents is not necessary. The views of

---

[1] This Court has not yet scheduled a date for a hearing on the parties' proposed claim constructions.

the respective drawings of the '495 and '268 Patents best describe the patents. This Court therefore should construe the '495 and '268 Patents to be adapted to their pictorial setting in their respective drawings. The '495 Patent should thus be construed as "the ornamental design for bottle return apparatus as shown in Figures 1-6," and the '268 Patent should be construed as "the ornamental design for bottle return apparatus as shown in Figures 1-6."

## STATEMENT OF THE NATURE OF THE MATTER BEFORE THIS COURT

Primo Water submits its proposed claim constructions for the claims of the '495 and '268 Patents for this Court's consideration and adoption.

## STATEMENT OF FACTS

Primo Water produces water dispensers and products, including three-gallon and five-gallon plastic bottles, and provides return bins at various locations so that consumers can return the empty plastic bottles. Dkt. 8 at ¶ 4. Primo Water is the assignee of the '495 and '268 Patents that claim designs for bottle return apparatus. *Id.* ¶¶ 5-6. The '495 Patent is entitled Bottle Return Apparatus, and it issued on May 8, 2007. *See* Ex. A. The '268 Patent is also entitled Bottle Return Apparatus, and it issued on March 25, 2008. *See* Ex. C.

On December 3, 2010, Primo Water filed its Complaint against Zephyr Fluid Solutions, LLC ("Zephyr") for infringement of the '495 and '268 Patents with its Bottle Return Cage which also allows a customer to return empty plastic water bottles. Dkt. 1. On February 2, 2011, Primo Water amended the Complaint to add Count III under the North Carolina Unfair Deceptive Trade Practices Act and Count IV for unfair

competition based on Zephyr publishing a series of false, misleading, and deceptive statements about Primo Water and its business. *See* Dkt. 8 at ¶¶ 26-53, Exs. D & E. On February 16, 2011, Zephyr answered the Complaint and asserted Counterclaims for declaratory judgments of non-infringement and invalidity of the '495 and '268 Patents.[2] *See* Dkt. 9 at Countercl. Counts I-IV.

On May 23, 2011, this Court set the initial pretrial conference hearing for July 25, 2011. Dkt. 26. During the parties' Federal Rule of Civil Procedure 26(f) conference and through related correspondences, Zephyr's counsel indicated that it wanted to submit proposed claim constructions to this Court. Primo Water's counsel indicated that under the controlling Federal Circuit case law design patents should be construed by simply referring to the drawings of the design patent but in the spirit of cooperation agreed to submit proposed constructions. *See, e.g.,* Dkt. 28 at 2.

## ARGUMENT

**I.  Design Patent Claim Construction Law Mandates Construing Design Patents as an Illustration of the Drawings Views.**

"A design patent is directed to the appearance of an article to manufacture." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993). Before design patent infringement can be determined, this Court has a duty to construe the claims of the '495 and '268 Patents as a matter of law. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543

---

[2] Zephyr also asserted additional counterclaims in Counts V-XIV, but on September 1, 2011, it voluntarily dismissed these counterclaims. *See* Dkt. 31. On March 14, 2011, Primo Water moved to dismiss all of Zephyr's Counterclaims, and its motion is still pending with this Court with respect to Counterclaims I-IV. *See* Dkt. 16.

F.3d 665, 679 (Fed. Cir. 2008) (en banc); *see also Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). A design patent protects the novel ornamental features of the claimed design. *See Oddzon Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id.*

"Design patents are typically claimed as shown in drawings, and claim construction must be adapted to a pictorial setting." *Crocs*, 598 F.3d at 1302 (*citing Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002) (construing a design patent claim as meaning "a tray of a certain design as shown in Figures 1-3")). "Thus an illustration depicts a design better 'than it could be by any description and a description would probably not be intelligible without the illustration.'" *Crocs*, 598 F.3d at 1302-03 (*quoting Dobson v. Dornan*, 118 U.S. 10, 14 (1886)). "'[A]s a rule, the illustration in the drawing views is its own best description.'" *Crocs*, 598 F.3d at 1303 (*quoting* MANUAL OF PATENT EXAMINING PROCEDURE § 1503.01 (8th ed. 2006)).

A detailed written claim construction, or verbal description, of design patents is not required. *See Egyptian Goddess*, 543 F.3d at 679. As the Federal Circuit has recently held, a court is "not obligated to issue a detailed verbal description of the design if it does not regard verbal elaboration as necessary or helpful." *Id.* The Federal Circuit warned that courts "should recognize the risks entailed in such a description, such as the risk of

placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Id.* at 679-80. "[T]he preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Id.* at 679; *see also Cobra Fixations Cie Ltee-Cobra Anchors Co., Ltd. v. Newell Operating Co.*, No. 1:09CV436, 2011 U.S. Dist. LEXIS 40239, at *5 (M.D.N.C. Apr. 13, 2011) (J. Sharp) (construing the design patent claims according to the drawings); *Sun-Mate Corp. v. Koolatron Corp.*, No. CV 10-4735-JST (JCGx), 2011 U.S. Dist. LEXIS 84726, at *8-10 (C.D. Cal. Aug. 1, 2011) (construing the design patent claims based on the illustrations in the patents in suit); *Dexas Int'l, Ltd. v. Office Max, Inc.*, No. 07-CV-396, 2009 U.S. Dist. LEXIS 6642, at *11-12 (E.D. Tex. Jan. 30, 2009) (declining to verbally construe patented designs). Thus, a verbal description is not necessary to construe the claims of the '495 and '268 Patents.

## II. The Claims of the '495 and '268 Patents Should Be Construed as an Illustration of Their Respective Drawings.

Based on the controlling Federal Circuit precedent, the claims of the '495 and '268 Patents respectively should be construed to be adapted to their pictorial setting as depicted in their respective drawings. *See Crocs*, 598 F.3d 1294, 1302; *see also Egyptian Goddess*, 543 F.3d at 679. Thus, the '495 Patent should be construed as "the ornamental design for bottle return apparatus as shown in Figures 1-6." *See* Ex. A at Claim, Figs. 1-6. As shown below, Figures 1-6 are the illustrations that best provide the description of the design of the '495 Patent:



FIG. 1   FIG. 2   FIG. 3   FIG. 4   FIG. 5   FIG. 6

*Id.* at Figs. 1-6.

Likewise, the '268 Patent should be construed as "the ornamental design for bottle return apparatus as shown in Figures 1-6." *See* Ex. C at Claim, Figs. 1-6. As shown below, Figures 1-6 are the illustrations that best provide the description of the design of the '268 Patent:



*Id.* at Figs. 1-6.

Support for these claim constructions is further found in the description of the drawings on the face of the '495 and '268 Patents. *See* Exs. A & C at Description. The '495 and '268 Patents specifically mention that all of the features in their respective Figures 1-6 are ornamental. *See* Ex. A at Claim; Ex. C at Claim; *see also* Ex. E at Answer to Interrog. No. 7 (no functional elements and/or functional considerations factored into the designs of the '495 and '268 Patents"); *see Egyptian Goddess*, 543 F.3d at 680.

Additionally, no representations were made during the prosecution history of either the '495 or the '268 Patent to contradict the appropriateness of construing them according to the illustration of their respective drawings. *See* Exs. B & D; *see also Markman*, 52 F.3d at 979-80 (the intrinsic record includes the claims, the specification and, if in evidence, the prosecution history); *see also Egyptian Goddess*, 543 F.3d at 680 (the prosecution history bears on the scope of a design patent claim).

Extrinsic expert testimony is consistent with the intrinsic evidence and supports construing the '495 and '268 Patents by their respective drawings. *See* Ex. F, Decl. of Charles M. Mauro in Support of Plaintiff Primo Water Corporation's Proposed Claim Constructions ("Mauro Decl.") at ¶¶ 17-18 ("The drawings of Figures 1-6 best describe the claimed design."); *see also Vitronics*, 90 F.3d at 1584 ("Extrinsic evidence in general, and expert testimony in particular, may be used only to help the court come to the proper understanding of the claims; it may not be used to vary or contradict the claim language.").[3] Moreover, construing the '495 and '268 Patents as the illustration of their respective Figures 1-6 will help ensure later that the finder of fact focuses on the claimed

---

[3] Discovery in this case has just started. The first set of written discovery responses have been served, but Zephyr did not provide a written response to Primo Water's interrogatories concerning Zephyr's basis for asserting non-infringement and invalidity of the '495 and '268 Patents. *See* Ex. G at Answers to Interrogs. Nos. 5-6. On September 14, 2011, this Court entered the protective order (Dkt. No. 34), but the parties have not yet produced any documents. Also, the parties have not taken any depositions or served any expert reports. Primo Water thus reserves the right to amend its claim construction and supplement the intrinsic and extrinsic evidence in support of its proposed claim constructions of the '495 and '268 Patents.

designs as a whole and not on any particular features of the claimed designs. *See Egyptian Goddess*, 543 F.3d at 679-80.

Finally, a verbal depiction of the drawings is unnecessary because the '495 and '268 Patents do not exclude any features in their respective Figures 1-6—no broken lines are depicted. *See* Ex. A at Figs. 1-6; Ex. C at Figs. 1-6; *see also* Mauro Decl. at ¶¶ 17-18 (Figures 1-6 of the '495 and '268 Patents "do not contain any broken lines"); *Egyptian Goddess*, 543 F.3d at 680; *Contessa*, 282 F.3d at 1378 ("If features appearing in the figures are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design.").[4]

Thus, the drawings best describe the claimed designs of the '495 and '268 Patents. The '495 and '268 Patents should each be construed therefore as an illustration of their respective drawings to mean "the ornamental design for bottle return apparatus as shown in Figures 1-6."

## **CONCLUSION**

For the foregoing reasons, Primo Water respectfully asks this Court to adopt its proposed claim constructions and to construe the claims of the '495 and '268 Patents respectively as "the ornamental design for bottle return apparatus as shown in Figures 1-6."

---

[4] A verbal claim construction is not required even if a patent contains broken lines or functional features or the patentee made representations during the prosecution of the patent because "a trial court can usefully guide the finder of fact by addressing" these issues. *See Egyptian Goddess*, 543 F.3d at 680.

Dated: September 16, 2011                    Respectfully submitted,

**PLAINTIFF**
**PRIMO WATER CORPORATION**

By: */s/* Kiran H. Mehta
Kiran H. Mehta
Daniel V. Mumford
K&L Gates LLP
Hearst Tower
214 North Tryon Street, 47th Floor
Charlotte, North Carolina 28202
(704) 331-7437
(704) 353-3137 fax
kiran.mehta@klgates.com
dan.mumford@klgates.com

Heather A. Boice
Adam L. Marchuk
Brian J. Arnold
K&L Gates LLP
70 W. Madison St., Suite 3100
Chicago, Illinois 60602-4207
(312) 372-1121
(312) 827-8000 fax
heather.boice@klgates.com
adam.marchuk@klgates.com
brian.arnold@klgates.com

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF PRIMO WATER CORPORATION'S PROPOSED CLAIM CONSTRUCTIONS** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Chad A. Dever
>Michael J. Rye
>CANTOR COLBURN, LLP
>Email: cdever@cantorcolburn.com
>Email: mrye@cantorcolburn.com
>
>G. Gray Wilson
>WILSON HELMS & CARTLEDGE, L.L.P.
>Email: gwilson@whclawfirm.com
>
>*Attorneys for Defendant Zephyr Fluid Solutions, LLC*

This 16th day of September, 2011.

/s/ Kiran H. Mehta_____
Kiran H. Mehta
N.C. State Bar No. 11011
K&L Gates LLP
Hearst Tower
214 North Tryon Street, 47th Floor
Charlotte, North Carolina 28202
(704) 331-7437
(704) 353-3137 fax
Email: kiran.mehta@klgates.com
*Attorneys for Plaintiff*

OF COUNSEL:

K&L GATES LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: (704) 331-7400

CH-3081771 v3